UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
ABBOTT LABORATORIES, et al.                :
                                           :        **1:17-cv-06002-CBA-LB**
                    Plaintiffs,            :
                                           :
-v.-                                       :
                                           :
MATTHEW FRANK,                             :
                                           :
                    Defendant.             :
---------------------------------------------------------------- x

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO DISMISS AND STRIKE THE PLAINTIFFS'
COMPLAINT AGAINST MATTHEW FRANK PURSUANT TO
FED. R. CIV. P. RULES 12(b)(6), 8, 9(b) AND 12(f)**

## **TABLE OF CONTENTS**

**Page**

**TABLE OF AUTHORITIES** .................................................................................................... iii

**PRELIMINARY STATEMENT** ................................................................................................1

**RELEVANT FACTS** ...................................................................................................................2

**ARGUMENT** ................................................................................................................................2

    **I.**    **HOWARD FRANK'S AFFIDAVIT SHOULD NOT BE STRICKEN** ......................2

        **A.**    **Plaintiffs Were Aware That This Motion Might Be Converted To A Motion For Summary Judgment** ........................................................2

        **B.**    **Howard Frank's Affidavit Does Not Attest To Any Previously Withheld Information** ................................................................................4

    **II.**    **THE COURT SHOULD NOT DRAW AN ADVERSE INFERENCE FROM THE DEPOSITION TESTIMONY OF MATTHEW FRANK** ....................6

**CONCLUSION** .............................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Rules:**

Federal Rules of Civil Procedure:

    Rule 8 ............................................................................................................................1, 7, 8

    Rule 9(b) .......................................................................................................................1, 7, 8

    Rule 12(b)(6) ................................................................................................................1, 3, 8

    Rule 12(d) .....................................................................................................................1, 3, 4

    Rule 12(f) ..........................................................................................................................1, 8

    Rule 30(b)(6) .......................................................................................................................6

    Rule 56 ................................................................................................................................2

**Cases:**

*Barnard v. Joffe (In re Inflight Newspapers, Inc.)*,
    423 B.R. 6 (Bankr. E.D.N.Y. 2010) ....................................................................................6

*Fidelity Funding of California, Inc. v. Reinhold*,
    79 F. Supp. 2d 110 (E.D.N.Y. 1997) ...............................................................................6, 7

*Global Network Commcn's, Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. 2006) ................................................................................................3

*In re Alstom SA Secs. Litig.*,
    454 F. Supp. 2d 187 (S.D.N.Y. 2006) .............................................................................6, 7

*Sampson v. City of Schenectady*,
    160 F. Supp. 2d 336 (N.D.N.Y. 2001) ................................................................................6

*Shafir v. Continuum Health Partners, Inc.*,
    57 F. Supp. 3d 325 (S.D.N.Y. 2014) ..............................................................................3, 4

*United States v. Inc. Village of Island Park*,
    888 F. Supp. 419 (E.D.N.Y. 1995) .....................................................................................5

Defendant Matthew Frank, through his undersigned counsel, respectfully submits this reply memorandum in further support of his motion, pursuant to Fed. R. Civ. P. Rules 12(b)(6), 8 and 9(b), to dismiss the Plaintiffs' complaint in the instant action dated October 13, 2017; and his motion, pursuant to Fed. R. Civ. P. 12(f), to strike certain of the pleadings in the complaint (the "Motion to Dismiss").

## PRELIMINARY STATEMENT

Simply put, the Plaintiffs have not plausibly pleaded facts to support any of the causes of action alleged under Federal Rules of Civil Procedure ("FRCP") Rules 8 and 9(b), respectively, and on this basis alone, the complaint against Mr. Frank (the "Complaint") must be dismissed. However, for purposes of this reply, Mr. Frank responds specifically to the Plaintiffs' assertions, in their opposition to the Motion to Dismiss (the "Opposition"), that an adverse inference should be drawn from his deposition testimony and that the affidavit of his father, Howard Frank, should be precluded. Both arguments fail under the law, and do not save the Plaintiffs' Complaint.

First, in accordance with precedent in this Circuit, and pursuant to Rule 12(d), it is well within the discretion of the Court to consider Howard Frank's affidavit at this stage in the proceedings. In fact, it was specifically contemplated on the record at the September 29, 2017 pre-motion conference that the Court would consider matters outside of the pleadings in considering Mr. Frank's anticipated motion. (*See* Janey Declaration in Support of Motion to Dismiss ("Janey Dec."), Exhibit B, 23:18-23, 27:17-22 (Pre-Motion Conference Tr.).) Moreover, Howard Frank's affidavit does not disclose any information that was previously withheld from the Plaintiffs.

Second, in light of the dearth of evidence against Matthew Frank, and his clear incentive for invoking the privilege to avoid the possibility of criminal prosecution, the application of an adverse inference to his deposition is both unwarranted and prejudicial.

## RELEVANT FACTS

For the sake of brevity, and with cognizance of the Court's familiarity with the facts and circumstances underlying this action, Mr. Frank respectfully refers the Court to the record and proceedings in this action, including the Motion to Dismiss, and the record and proceedings in the related case, *Abbott Laboratories et al. v. Adelphia Supply USA et al.*, 1:15-cv-05826-CBA-LB (the "Diversion Case").  Mr. Frank also specifically refers the Court to the transcript of the pre-motion conference in the Diversion Case, which precipitated the filing of the Complaint in this action and the instant Motion to Dismiss.  (*See* Janey Dec., Exhibit B.)

## ARGUMENT

### I.   HOWARD FRANK'S AFFIDAVIT SHOULD NOT BE STRICKEN

Contrary to the Plaintiffs' contention, it is well within the discretion of the Court to consider Howard Frank's affidavit at this stage, and the Court should do so here.  First, at the last pre-motion conference, it was anticipated that this motion might be converted to a FRCP Rule 56 motion for summary judgment, and, therefore, the Court is not limited to the four corners of the pleading.  (*See* Janey Dec., Exhibit B, 23:18-23, 27:17-22.)   Second, Howard Frank has not waived any aspect of his Fifth Amendment privilege because all of the information contained in his affidavit was previously disclosed to Plaintiffs by undersigned counsel.

### A.   Plaintiffs Were Aware That This Motion Might Be Converted To A Motion For Summary Judgment

At the September 29, 2017 pre-motion conference, undersigned counsel made clear, and Judge Amon agreed, that the instant motion to dismiss would be submitted, "as a practical

matter, as if it is a motion for summary judgment, meaning, in terms of the content of how far we write it." (Janey Dec., Exhibit B, 23:18-23.) Undersigned counsel stated, "We are ready to file a motion to dismiss and…and even agree that [Y]our Honor look beyond the four corners of the existing complaint…for summary judgment." (*Id.*, 27:17-22.) Plaintiffs' counsel did not object. Therefore, Plaintiffs' claim that the Court must now be restricted to the four corners of the pleading disregards the clear record.

Indeed, *Shafir v. Continuum Health Partners, Inc.*, 57 F. Supp. 3d 325 (S.D.N.Y. 2014), a case cited in the Plaintiffs' own Opposition, presents a strikingly similar set of facts. In *Shafir*, the defendants submitted a Rule 12(b)(6) motion that attached a declaration from one of the defendant's employees whose deposition transcript had been cited in the complaint. The Southern District court exercised its discretion, in accordance with Rule 12(d), to convert the motion to one for summary judgment.[1] Rule 12(d) "allows courts to 'direct[] a pretrial motion to the vehicle most appropriate for its resolution,' thereby 'ensuring that the motion is governed by the rule specifically designed for the fair resolution of the parties' competing interest at a particular stage of the litigation." *Shafir*, 57 F. Supp. 3d at 326 (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)). Summary judgment is the proper procedural vehicle for considering matters outside of the pleadings, such as an affidavit, and it is at the Court's discretion whether or not to consider such material. *See Id.* at 326-27. Ultimately, in *Shafir*, the Court found that "[b]ecause so much evidentiary support [was] already available in this case, the most efficient course of action [was]…to take that

---

[1] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

evidence into consideration." *Id.* Therefore, the Court converted the motion to dismiss to a motion for summary judgment, pursuant to Rule 12(d), and considered the declaration. *Id.*

The facts here are parallel to those in *Shafir*. Fact discovery in the Diversion Case, which has concluded, afforded the Plaintiffs a full opportunity to uncover any evidence against Matthew Frank. Indeed, at the September 29, 2017 conference, Plaintiffs' counsel told the Court that he "[did]n't envision [Plaintiffs] seeking to engage in any further fact discovery with regards to Matthew Frank." (Janey Dec., Exhibit B, 26:5-7.) Accordingly, at this stage in the litigation, the interests of efficiency and judicial economy militate in favor of considering all available evidence. Further, given the clear relevance of Matthew Frank's role at HMF Distributing, Inc. ("HMF") vis-à-vis Howard Frank, based on the face of the Complaint, it is entirely appropriate for the Court to consider Howard Frank's affidavit here.

### B.  Howard Frank's Affidavit Does Not Attest To Any Previously Withheld Information

To the extent that the Plaintiffs claim Howard Frank's invocation of the Fifth Amendment at his deposition is grounds for striking his affidavit, their argument rings hollow. This is so because Howard Frank's affidavit does not attest to any information that was previously withheld from Plaintiffs. The affidavit states, in sum and substance, that Howard Frank alone, and not Matthew Frank, was the moving, active, conscious force behind HMF. Howard Frank, through undersigned counsel, informed Plaintiffs' counsel of this nearly a year ago in an email dated January 10, 2017, which stated: "[W]ith respect to HMF, Howard Frank is the principal of that company, not Matthew Frank. In fact, I am informed that Matthew Frank was a college student and had no involvement with this company whatsoever when it was formed in December 2012." (Diversion Case, ECF No. 1204-1 (Email dated Jan. 10, 2017).)

In the Diversion Case, undersigned counsel, on behalf of Howard Frank, again, in a pre-motion letter, iterated that Howard Frank, and not Matthew Frank, is the moving, active, conscious force behind HMF. (*See* Diversion Case, ECF No. 1204 (Reply in Opposition to Plaintiffs' Proposed Motion to Vacate Stipulation of Dismissal dated Sept. 7, 2017).)

Additionally, in or about January 2017, Howard Frank caused the corporate filings for HMF to be amended to properly reflect his ownership and control over the company, such documents being publicly available through the Florida Division of Corporations. Plaintiffs have long been aware of this fact. Therefore, Howard Frank can hardly be said to have waived any aspect of his Fifth Amendment privilege as to this issue, much less, as Plaintiffs claim, abused the discovery process.

Moreover, for the reasons stated above, the circumstances here are distinguishable from *United States v. Inc. Village of Island Park*, 888 F. Supp. 419 (E.D.N.Y. 1995), the case on which Plaintiffs rely as grounds for striking the affidavit. In that case, the defendants had asserted their Fifth Amendment privilege in pre-trial depositions, and then submitted affidavits in response to the Government's motion for summary judgment. *Inc. Village of Island Park*, 888 F. Supp. at 431. The Court precluded the affidavits on account of the defendants' "eleventh hour" attempt to avoid the consequences of having previously asserted the privilege. *Id.* The facts at bar stand in stark contrast, again, as stated herein above, where Howard Frank revealed the information about his ownership and control of HMF, first publicly and then to Plaintiffs. This is entirely different from an "eleventh hour" attempt to reverse a prior assertion of privilege; it is rather an iteration of facts that Howard Frank has openly disclosed and of which Plaintiffs have long been aware.

For these reasons, the Court may properly consider the affidavit in the context of this motion.

## II. THE COURT SHOULD NOT DRAW AN ADVERSE INFERENCE FROM THE DEPOSITION TESTIMONY OF MATTHEW FRANK

Although an adverse inference is permitted to be drawn against a party asserting the Fifth Amendment privilege in a civil case, the Court is not *required* to do so. *E.g. Sampson v. City of Schenectady*, 160 F. Supp. 2d 336, 351 (N.D.N.Y. 2001). Drawing an adverse inference has been described as "an unusually harsh remedy that is normally employed to counter a defendant's desire to obstruct discovery or abuse the privilege against self-incrimination." *Id.* Prior to drawing an adverse inference, the court must first "examine whether undue prejudice exists." *Barnard v. Joffe (In re Inflight Newspapers, Inc.)*, 423 B.R. 6, 17 (Bankr. E.D.N.Y. 2010). As explained in the Motion to Dismiss, and elaborated below, Mr. Frank submits that the adverse inference is prejudicial given the dearth of independent, corroborating evidence, and the extent to which the factual allegations are contravened by other evidence that the Plaintiffs choose to ignore, such as the deposition testimony of HMF's Rule 30(b)(6) witness, Tina Kearns, in the Diversion Case and the affidavit and prior statements of Howard Frank. (*See* Motion to Dismiss, Sections I, V; *supra*, Section I(A).)

Furthermore, whether on a motion to dismiss or a motion for summary judgment, any adverse inference that may be drawn must be evaluated in the context of the totality of the facts. *E.g. In re Alstom SA Secs. Litig.*, 454 F. Supp. 2d 187, 208 n. 17 (E.D.N.Y. 2006) (considering the adverse inference in the context of the "many factors" alleged against defendants on a motion to dismiss); *In re Inflight Newspapers, Inc.*, 423 B.R. at 18 (stating that even if an adverse inference was drawn against defendant, motion for summary judgment would fail because of plaintiff's lack of independent, probative evidence); *Fidelity Funding of California, Inc. v.*

*Reinhold*, 79 F. Supp. 2d 110, 116-17 (E.D.N.Y. 1997) (declining to draw any adverse inference from defendants' silence in adjudicating motion for summary judgment).

For example, in *In re Alstom SA Secs. Litig.*, cited in Plaintiffs' Opposition, the Southern District court denied a motion to dismiss based on the strength of independent, well-pleaded facts supporting claims for securities fraud, including, *inter alia*, that the defendants personally prepared relevant financial statements and led a task force to investigate problems associated with the contract at issue. *In re Alstom SA Secs. Litig.*, 454 F. Supp. 2d at 208. In light of these facts, the court drew an adverse inference from the defendants' invocation of the Fifth Amendment privilege in response to questions about their knowledge of the alleged fraud. *Id.* However, it is notable the court's consideration of the adverse inference was relegated to a footnote. *Id.* at 208 n. 17. The decision clearly presents the well-pleaded facts – and not the adverse inference – as the primary basis for declining to dismiss the complaint.

In contrast, as elucidated at length in the Motion to Dismiss, the Plaintiffs here have not plausibly pleaded facts to support the causes of action alleged against Mr. Frank, pursuant to the applicable standards under Rules 8 and 9(b). Despite ample opportunity to discover relevant facts, they have simply failed to come up with sufficient evidence to show that Mr. Frank played the "day-to-day" managerial and supervisory role at HMF that they allege. (*See* Motion to Dismiss, Sections I, V.).

## **CONCLUSION**

For the reasons set forth above, Mr. Frank respectfully submits that the Court should not draw an adverse inference from his deposition testimony, or strike the affidavit of Howard Frank; and, further, that the Court must dismiss the Plaintiffs' Complaint in its entirety with

-8-

prejudice, pursuant to Rules 12(b)(6), 8 and 9(b), and strike the Plaintiffs' pleadings pursuant to Rule 12(f), as described in the Motion to Dismiss.

                                                Respectfully submitted,

Dated:     New York, New York
             December 6, 2017

                                                GOTTLIEB & JANEY LLP

                                                By: */s/ Derrelle M. Janey*
                                                     Derrelle M. Janey, Esq.

                                                Trinity Building
                                                111 Broadway, Suite 701
                                                New York, NY 10006
                                                Tel.: (212) 566-7766
                                                Fax: (212) 374-1506
                                                djaney@gottliebjaney.com

                                                *Counsel for Matthew Frank*

To:     All counsel of record