UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABBOTT LABORATORIES et al.,

                Plaintiffs,

  -against-

ADELPHIA SUPPLY USA et al.,

                Defendants.
------------------------------------------------------------x
ABBOTT LABORATORIES et al.,

                Plaintiffs,

  -against-

MATTHEW FRANK,

                Defendant.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2019 ★
BROOKLYN OFFICE

15-CV-05826 (CBA) (LB)

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

17-CV-06002 (CBA) (LB)

**AMON, United States District Judge:**

## BACKGROUND

Pursuant to the Court's Summary Judgment Memorandum and Order ("M&O") dated September 30, 2019, (D.E. # 1563 (15-CV-5826 docket), D.E. # 37 (17-CV-6002 docket) ("Summary Judgment M&O")), Abbott submitted a proposed permanent injunction on October 7, 2019, (D.E. # 1565-1 ("Abbott's Proposed Permanent Injunction")). On October 21, 2019, the Court issued an order directing Defendants "to advise the Court as to [any perceived] inconsistencies" between the Court's Summary Judgment M&O and Abbott's Proposed Permanent Injunction. (D.E. dated October 21, 2019.)

In November 2019, the Defendants represented by Gottlieb & Janey LLP, Goodman & Saperstein, and Stern & Schurin LLP (the "Wholesaler Defendants") filed a joint letter advising

1

the Court of their five objections to Abbott's Proposed Permanent Injunction. (D.E. # 1573 (15-CV-5826 docket), D.E. # 40 (17-CV-6002 docket) ("Wholesaler Defendants' Objections Letter").) No other defendant filed objections. Abbott responded to the Wholesaler Defendants' Objections Letter on November 6, 2019. (D.E. # 1574 ("Abbott's Reply").)

## LEGAL STANDARD

Rule 65(d) of the Federal Rules of Civil Procedure requires every order granting an injunction to "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C). The Second Circuit has explained that the injunction must "be specific and definite enough to apprise those within its scope of the conduct that is being proscribed." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 143 (2d Cir. 2011) (internal quotation marks omitted).

"[T]he specificity provisions of Rule 65(d) are no mere technical requirements." Id. (alteration in original) (quoting Schmidt v. Lessard, 414 U.S. 473, 476 (1974)). Rather, they promote "basic fairness," which "requires that those enjoined receive explicit notice of precisely what conduct is outlawed." Id. (quoting Schmidt, 414 U.S. at 476). In addition, "district courts must take care to ensure that injunctive relief is not overbroad." Id. at 144. Specifically, a district court is "only empowered 'to grant relief no broader than necessary to cure the effects of the harm caused by the violation.'" Id. (quoting Forschner Grp., Inc. v. Arrow Trading Co., 124 F.3d 402, 406 (2d Cir. 1997)).

## DISCUSSION

The Court addresses and resolves each of the Wholesaler Defendants' objections to Abbott's Proposed Permanent Injunction in the following manner. The Court's Permanent

Injunction, which incorporates the revisions discussed below, is attached. (D.E. # 1577-1 (15-CV-5826 docket), D.E. # 44-1 (17-CV-6002 docket) ("Court's Permanent Injunction").)

> I. <u>Objection 1: The injunction should apply only to International test-strip boxes containing all of the identified differences, rather than to boxes containing any of them.</u>

The second paragraph of Abbott's Proposed Permanent Injunction defines "International FreeStyle test strips" as those test-strip boxes bearing any "FreeStyle Mark" and having any of the following characteristics on its box or package insert:

- Indicates that a blood sample for use with the test strips can be drawn from a location other than the finger, palm, or upper arm;
- Lacks a National Drug Code (NDC) number;
- Lacks the U.S. toll-free phone number 1-888-522-5226;
- Bears the "CE" mark;
- The primary language is not English; or
- Has affixed one or more stickers that are not price tags and were not applied by Abbott.

(Abbott's Proposed Permanent Injunction ¶ 2.)

The Wholesaler Defendants propose amending the paragraph so that instead of reading "and having <u>any</u> of the following characteristics" it instead reads "and having the following labeling on its box or package insert." (Wholesaler Defendants' Objections Letter at 2–3.) In other words, Defendants assert that the permanent injunction should apply only to test-strip boxes that bear <u>all</u> of the above characteristics, rather than to test-strip boxes containing one or some of these characteristics.

The Court rejects the Wholesaler Defendants' objection to, and proposed revision of, Abbott's Proposed Permanent Injunction. Contrary to the Wholesaler Defendants' assertions, this Court never held that the international boxes must contain all of these differences, or even a combination of them, in order for the boxes to be materially different from the domestic test-strip boxes and therefore infringing. Rather, this Court's Summary Judgment M&O and First

3

Preliminary Injunction M&O indicate that each of the differences is material. (See D.E. # 131 ("First Preliminary Injunction M&O") at 11–12.)[1] For example, the First Preliminary Injunction M&O cites cases that found that solely foreign-language packaging was a material difference, and solely international units of measurement was material. (Id.) And although the Court found that the differences listed above were "especially significant" in light of the absence of the U.S. toll-free number, the Court in no way suggested that the differences would no longer be material if the toll-free number were present. (Id.) Because each difference is material, the Court rejects the Wholesaler Defendants' first proposed revision to Abbott's Proposed Permanent Injunction.

II.     Objection 2: "Bears the 'CE' mark" should be amended.

The Wholesaler Defendants also propose amending the phrase in the second paragraph of Abbott's Proposed Permanent Injunction that reads "Bears the 'CE' mark," as one of the identifying characteristics of International FreeStyle test-strip boxes.[2] (Wholesaler Defendants' Objections Letter at 3.) They propose that it should instead read: "Bears the 'CE' mark or marks of other countries not a member of the European community." (Id.) They state that this amendment is for the sake of "clarity and specificity." (Id.) Abbott does not object to expanding the phrase "CE mark" in order to make clear that the marks of non-European countries should also be included as part of the definition of International FreeStyle test strips, but Abbott suggests the following phrasing instead: "Bears the 'CE' mark or marks of other countries outside of the United States." (Abbott's Reply at 2 n.2.)

---

[1] The Wholesaler Defendants also cite to the Court's Summary Judgment M&O, but there, the Court simply refers to the findings in the First Preliminary Injunction M&O. (See Summary Judgment M&O at 13–14 ("For the reasons articulated in the First P[reliminary] I[njunction] M&O, the international strips are materially different from the domestic strips as a matter of law, and their sale in the United States constitutes trademark infringement under the Lanham Act. Original Appalachian[ v. Granada Electronics, Inc.], 816 F.2d [68,] 73 [2d Cir. 1987].").)

[2] "CE marking" is a certification mark that indicates conformity with health, safety, and environmental protection standards for products sold within the European Economic Area (EEA). The CE marking is also found on products sold outside the EEA that are manufactured in, or designed to be sold in, the EEA. See CE marking, European Commission, https://ec.europa.eu/growth/single-market/ce-marking_en (last visited Nov. 19, 2019).

The Court agrees that this component of the definition should be expanded. Nothing in the Court's M&Os suggests that the permanent injunction should be limited to only "CE" marked test-strip boxes. Taking the parties' concerns and recommendations into account, the Court adopts the following language in the Court's Permanent Injunction: "Bears the 'CE' mark or similar certifying marks of other countries outside of the United States."

> III. Objection 3: The scope of the injunction should be expressly limited to those International Freestyle test strips which are intended for sale only outside of the United States.

Defendants' third objection is as follows: "The Wholesaler Defendants object to paragraph 3 [of Abbott's Proposed Permanent Injunction] to the extent that it does not expressly limit the injunction to those International FreeStyle test strips which are intended for sale only outside of the United States." (Defendants' Objections Letter at 3.) The third paragraph of Abbott's Proposed Permanent Injunction reads, in relevant part, as follows:

> The Enjoined Defendants . . . are permanently enjoined from importing, purchasing, selling, distributing, marketing, or using in commerce in the United States any International FreeStyle test strips as defined above . . . .

(Abbott's Proposed Permanent Injunction ¶ 3.)

Abbott objects to inserting any "intended for sale" language into this paragraph. (Abbott's Reply at 2–3.) Abbott argues that the "very premise of this gray-goods trademark action" is that all of Abbott's Issnternational FreeStyle strips are intended for sale outside of the United States, but they were diverted into the United States by the Defendants. (Id.) Introducing this "vague intent requirement," they argue, would simply allow the Defendants to skirt the injunction by arguing that they cannot know what is in Abbott's mind and therefore had no way of determining what they were enjoined from selling. (Id. at 3.)

5

The Court agrees with Abbott that the insertion of "intended for sale" language would be problematic, but the Court also agrees with the Wholesaler Defendants that the third paragraph of Abbott's Proposed Permanent Injunction should be made more precise as to the injunction's scope. The Court accordingly revises the third paragraph to read, in relevant part, as follows:

> The Enjoined Defendants . . . are permanently enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any International FreeStyle test strips designated for the international market . . . .

This "designated for the international market" language provides greater specificity without inserting a "vague intent requirement." Indeed, it closely resembles the language used in "Consent Judgment and Permanent Injunction" agreements that Abbott has entered into with settling defendants in this case. (See, e.g., D.E. # 1530 ("NE Medical . . . [is] permanently enjoined from . . . in any way using in United States commerce any International FreeStyle test strips designated for and diverted from the international market.").) The Court thus resolves the parties' concerns in the above manner.

### IV. Objection 4: The phrase "or otherwise infringing any of the FreeStyle Marks" should be removed from the third paragraph.

The Wholesaler Defendants argue that the phrase "or otherwise infringing any of the FreeStyle Marks," which is found in the third paragraph of Abbott's Proposed Permanent Injunction, should be removed. (Defendants' Objections Letter at 3.) The third paragraph of Abbott's Proposed Permanent Injunction reads, in relevant part, as follows:

> The Enjoined Defendants . . . are permanently enjoined from importing, purchasing, selling, distributing, marketing, or using in commerce in the United States any International FreeStyle test strips as defined above, <u>or otherwise infringing any of the FreeStyle Marks</u> . . . .

(Abbott's Proposed Permanent Injunction ¶ 3 (emphasis added).)

The Wholesaler Defendants argue that this phrase is "vague and it expands the scope of the injunction beyond the specific infringing conduct described on the face of the order." (Defendants' Objections Letter at 3.) Accordingly, they argue, this language violates Rule 65(d), which is satisfied "only if the enjoined party can ascertain from the four corners of the order precisely what acts are forbidden or required." (Id. (quoting Petrello v. White, 533 F.3d 110, 114 (2d Cir. 2008).) Abbott counters, inter alia, that the "otherwise infringing" language is necessary because "infringing Abbott's marks" is precisely what Defendants have been found liable for doing. (Abbott's Reply at 3.)

The Court agrees with the Wholesaler Defendants that the "or otherwise infringing" language is vague and should be removed. This "otherwise infringing" language does not appear in the First Preliminary Injunction entered in this case. (D.E. # 131-1 ("First Preliminary Injunction").) Nor does it appear in Consent Judgment and Permanent Injunction agreements that Abbott has entered into in this case. (See, e.g., D.E. # 1530.) Moreover, as discussed with reference to the Wholesaler Defendants' third objection, supra, the Court's Permanent Injunction revises Abbott's Proposed Permanent Injunction so that the third paragraph contains the language "or otherwise using in commerce," as follows:

> The Enjoined Defendants . . . are permanently enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any International FreeStyle test strips designated for the international market . . . .

Thus, rather than incorporating the ill-defined "otherwise infringing" language, the Court's Permanent Injunction instead retains the phrase "use in commerce," which is defined in the Lanham Act, 15 U.S.C. § 1127, and combines it with the more expansive modifier "otherwise," thereby addressing any concerns that simply removing the "otherwise infringing" language would make the injunction's scope narrower than is called for.

V.   Objection 5: The following phrases should be removed from the third paragraph of Abbott's Proposed Permanent Injunction:
- "using in commerce";
- "assisting, aiding, abetting, or acting in concert and participation with"; and
- "successors [and] assigns."

The Wholesaler Defendants argue that the above phrases, found in the third paragraph of Abbott's Proposed Permanent Injunction, are "vague and/or undefined," and that the vagueness of these phrases would lead to "uncertainty and confusion on the part of those to whom the injunction is directed, and potentially expand the scope of the injunction to be broader than necessary." (Defendants' Objections Letter at 3.) The third paragraph of Abbott's Proposed Permanent Injunction reads as follows:

> The Enjoined Defendants, as well as their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them, are permanently enjoined from importing, purchasing, selling, distributing, marketing, or using in commerce in the United States any International FreeStyle test strips as defined above, or otherwise infringing any of the FreeStyle Marks, or assisting, aiding, abetting, or acting in concert and participation with any other person or business entity in engaging in or performing any of the activities referred to in this paragraph.

(Abbott's Proposed Permanent Injunction ¶ 3.)

The Court rejects the Wholesaler Defendants' proposals to remove "using in commerce," "successors [and] assigns," and "assisting, aiding, abetting, or acting in concert and participation with." First, as indicated above, "use in commerce" is a term defined and used in the Lanham Act. See 15 U.S.C. § 1127. Thus, "using in commerce" is not "vague and/or undefined" in this context. The remaining terms are commonly used legal terms with defined meanings. Moreover, contrary to the Wholesaler Defendants' assertions, these phrases do not make the injunction "broader than necessary." Rather, if they were not included in the Court's Permanent Injunction, it would be too narrow. For example, removing "assisting, aiding, or abetting" could enable Defendants to assist others in engaging in activities that violate the injunction without themselves running afoul of the

injunction. However, the Court adds the word "active" before "in concert and participation with" at the beginning of the third paragraph, as this change accords with the language found in Rule 65 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 65(d)(2)(C) ("The order binds only the following who receive actual notice of it by personal service or otherwise: . . . other persons who are in <u>active</u> concert or participation with anyone described in Rule 65(d)(2)(A) or (B).") (emphasis added).) The third paragraph of the Court's Permanent Injunction accordingly reads as follows:

> The Enjoined Defendants, as well as their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in active concert and participation with them, are permanently enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any International FreeStyle test strips designated for the international market, or assisting, aiding, abetting, or acting in concert and participation with any other person or business entity in engaging in or performing any of the of the activities referred to in this paragraph.

## CONCLUSION

The Court thus resolves the parties' objections in the manner indicated above, for the reasons indicated above. The precise contours of the permanent injunction entered in this case are found in the attached order.

SO ORDERED.

Dated: November 20, 2019
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge